IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD DOTY,                          )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )   Civil Action No. 13-80-J
                                      )
CAROLYN W. COLVIN, ACTING             )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )


O R D E R

AND NOW, this 2nd day of January, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's argument that the Administrative Law Judge ("ALJ") erred in determining his residual functional capacity ("RFC") and in finding him to be not disabled. Specifically, the Court finds no merit in Plaintiff's contention that the ALJ was required to accept the functional limitations set forth in the non-examining state agency physician's opinion merely because there were no other opinions as to his functional limitations in the record.

Plaintiff's argument that an ALJ can only reject a non-examining state agency physician's opinion based on another opinion seems to be based on his incorrect reading of Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). That decision does not, as Plaintiff suggests, hold that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion. Rather, the Third Circuit Court of Appeals, in Doak, held simply that nothing in the record in that case, which consisted of testimony and three medical reports, supported the ALJ's finding that the claimant could perform light work. While the Circuit pointed out that none of the three reports contained a suggestion from a physician that the claimant could perform light work, in no way did it suggest that a finding of light work could only be supported if one of the three had expressly opined that the claimant could perform such work, nor did it find that their contrary opinions precluded such a finding per se. Indeed, interpreting Doak in this manner would ignore the fact that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). Such an interpretation would also ignore the fact that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Consistent with this later case law, Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Third Circuit did nothing more than make a substantial evidence finding in light of a limited record and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding. To the extent other courts in the Circuit have interpreted Doak so as to conflict with decisions such as Chandler and Titterington, i.e., Gunder v. Astrue, 2012 WL 511936 (M.D. Pa. Feb. 12, 2012), this Court disagrees.

Plaintiff's emphasis on the opinion evidence is particularly misplaced given that forms such as those submitted by the state adjudicator here, requiring him merely

2

to "check a box or fill in a blank," rather than provide a substantive basis for the conclusions stated, are considered "weak evidence at best" in determining whether the claimant is disabled. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). The ALJ's decision focused far more on the objective medical evidence, and substantial evidence supports her well-reasoned rationale as to why these records demonstrate that Plaintiff could perform a limited range of medium work. In finding that Plaintiff could perform such work, the ALJ discussed at length Plaintiff's treatment records and history, the internal inconsistencies of the state agency physician's opinion, and the fact that later medical evidence unavailable to the state agency physician contradicted his opinion.

The Court further notes that Doak, and the other cases on which Plaintiff relies, such as Biller v. Colvin, 2013 WL 3830503 (W.D. Pa. July 24, 2013), Akers v. Callahan, 997 F. Supp. 648 (W.D. Pa. 1998), and Serafini v. Astrue, Case No. CA07-253 (W.D. Pa. 2007), involved situations where the ALJ rejected opinions from treating physicians. It is, of course, axiomatic that a treating physician is entitled to more deference under the law than is a state adjudicator. When assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. There is no such rule providing for controlling weight to be given by an ALJ to a state agency adjudicator's opinion. To the contrary, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted). Here, the opinion as to functional capacity was provided by a physician who did not treat or examine Plaintiff, but who rendered an opinion in the role of state adjudicator after reviewing the record.

Accordingly, cases involving the deference to be shown to a treating physician's opinion as to functional limitations offer little insight in a case such as this one. Since the opinion here was offered by a non-treating, non-examining source, the state agency physician did the same thing in formulating his opinion that the ALJ did - review the record. Indeed, while an RFC assessment offered by a claimant's treating physician is based on his or her own medical findings, a state adjudicator's RFC assessment is based on an analysis of the evidence in the record as a whole. See S.S.R. 96-5p at *4. This case therefore does not present the issue of an ALJ rejecting a physician's diagnosis or medical conclusion based on testing, examination, or clinical observations. Instead, the ALJ's review of the record evidence simply produced a different result than that of a state agency physician acting, not as a medical provider, but as an adjudicator. In fact, as noted above, unlike the state agency physician, the ALJ had access to the entire record when making her determination. Even assuming Doak is to be interpreted as Plaintiff suggests, it would not apply to a situation such as this, where the opinion at issue was issued

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

by a non-examining adjudicator based on an incomplete medical record rather than by a treating physician. Such an interpretation would essentially give controlling weight to a non-examining adjudicator's opinion any time there is no other opinion as to functional limitations in the record, regardless of the nature of the other medical evidence.

Regardless, as stated above, rejection of even a treating physician's opinion does not require reliance on another opinion. Such an opinion can be rejected on the basis of contradictory medical *evidence*, not just contrary opinions. If a treating physician's opinion can be rejected based on contrary non-opinion medical evidence, a non-examining state agency physician's opinion is certainly not controlling merely because there is no other medical opinion in the record. The evidence on which an ALJ can rely can and does take a variety of forms. Plaintiff attempts to muddy this standard throughout his briefs by trying to equate the terms medical evidence and medical opinion, implying that a lack of a contrary opinion is the same as a lack of contrary evidence. However, as the Court explained above, the ALJ clearly discussed the medical evidence contradicting the state adjudicator's opinion that Plaintiff could perform only light work, including evidence unavailable to the adjudicator, and substantial evidence supports her decision.